IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3210-BO

FILED
JUN 15 2011
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY ___ DEP CLK

GERALD WAYNE TIMMS, )
    Plaintiff, )
)
v. ) **ORDER**
)
WARDEN TRACY JOHNS, )
    Defendant. )

Gerald Wayne Timms ("plaintiff") has filed this suit pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Presently, the matter is before the court for the frivolity review pursuant to 28 U.S.C. § 1915. A court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). After reviewing the matter, the court shall allow the case to proceed. The Clerk is DIRECTED to maintain management of the action

Plaintiff has also filed a motion for a preliminary injunction (D.E. # 4). The motion for preliminary injunction or temporary restraining order ("TRO") is denied. A court may grant a TRO without notice to the adverse party if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). When considering a request for injunctive relief, a court must consider: "(1) the likelihood of irreparable harm to the plaintiff if the preliminary injunction is denied, (2) the likelihood of harm to the defendant if the requested relief is granted, (3) the likelihood that the plaintiff will succeed on the merits, and (4) the public interest."

Scotts Co. v. United Indus. Corp., 315 F.3d 264, 271 (4th Cir. 2002) (quotation omitted); see N.C. State Ports Auth. v. Dart Containerline Co., 592 F.2d 749, 750 (4th Cir. 1979); Blackwelder Furniture Co. v. Seilig Mfg. Co., 550 F.2d 189, 193–95 (4th Cir. 1977).

A TRO and preliminary injunction are "warranted only in the most extraordinary circumstances." Taylor v. Freeman, 34 F.3d 266, 270 n.2 (4th Cir. 1994). Plaintiff has failed to meet his burden of proof. Therefore, plaintiff's motion for a TRO and a preliminary injunction (D.E. # 4) is denied.

In conclusion, the matter is ALLOWED to proceed and the Clerk is DIRECTED to maintain management of the action. However, the motion for a temporary restraining order or preliminary injunction is DENIED (D.E. # 4). Plaintiff's motion for leave to proceed in forma pauperis is ALLOWED (D.E. # 2). He has demonstrated appropriate evidence of his inability to pay the required court costs and is entitled to in forma pauperis status. (See Trust fund and application attached to compl.)

SO ORDERED, this the 15 day of June 2011.

*[signature]*
TERRENCE W. BOYLE
United States District Judge