IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CT-3210-BO

| | | |
|---|---|---|
| GERALD WAYNE TIMMS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WARDEN TRACY JOHNS, | ) | |
| Defendant. | ) | |

Gerald Wayne Timms ("plaintiff" or "Timms") has filed this suit pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Now before the court are several pending motions filed by Timms: a motion for emergency petition for writ of mandamus [D.E. 18]; a motion to clarify the court's order of January 23, 2012 [D.E. 22]; a motion to appoint counsel [D.E. 24]; a motion to supplement the pleadings [D.E. 32]; and, a motion to compel [D.E. 33]. Tracy Johns, the former Butner warden ("defendant" or "Johns"), has filed a partial motion to dismiss [D.E. 25][1], plaintiff responded [D.E. 26], and defendant replied [D.E. 34]. All of the motions are ripe for determination.

I. Background

On December 1, 2010, Timms, a civil detainee awaiting a hearing on the government's petition for his commitment pursuant to 18 U.S.C. § 4248, filed this action. At the time he filed this action, Timms was housed in the Maryland unit at the Federal Correctional Complex in Butner, North Carolina ("Butner"). On May 25, 2011, a bench trial was held before this court pursuant to

---

[1] On August 15, 2011, Timms filed a motion to amend his complaint to include a claim taking issue over the denial of his request to marry [D.E. 12]. The court allowed the amendment on January 24, 2012, by court order [D.E. 20]. Defendant fails to address the additional claim in the pending motion to dismiss [D.E. 25], and thus the court shall construe the motion to dismiss as a partial motion to dismiss.

18 U.S.C. § 4248 to determine whether he met the requirements for commitment. Thereafter, this court found that the statute under which he was civilly detained to violate both the Due Process and Equal Protection Clauses of the United States Constitution as applied to Timms. On January 9, 2012, the Fourth Circuit vacated and remanded the commitment proceeding to determine whether Timms is sexually dangerous as defined and driven by the appropriate standards of 18 U.S.C. § 4248. United States v. Timms, 664 F.3d 436 (4th Cir. 2012). That matter is proceeding in the separate action of United States v. Timms, 5:08-HC-2156-BO.

II.  Issues

Plaintiff challenges the constitutionality of the following: that he is subjected to the receipt of disciplinary infractions; that he is housed in the same manner as that of prisoners; that he is forced to wear prisoner uniforms; that his e-mail and telephone use is monitored; that he has restrictions on visitation, commissary, and is in segregation due to disciplinary infractions; that he is subject to general and legal mail censorship; that he is provided with little recreation; that in his housing he is subject to searches; and that he has not been allowed to marry. Plaintiff seeks injunctive and monetary relief.

III.  Discussion

A.  Motion to Appoint Counsel

There is no constitutional right to counsel in civil cases absent "exceptional circumstances." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975); Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated on other grounds by Mallard v. United States Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 300 n.3 (1989). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at

2

163 (quotation omitted). The court finds that currently appointment of counsel is not warranted. The motion is denied.

    B.    Motion for Emergency Petition for Writ of Mandamus [D.E. 18] and Motion to Compel [D.E. 33]

These motions, while labeled differently, are both motions for a preliminary injunction. On June 15, 2011, this court denied Timms' first motion for TRO and preliminary injunction [D.E.6]. Again the court denies these motions for the reasons stated in its prior order. Id.

    D.    Motion to Dismiss

        a.    Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). Thus, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief.

3

Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

      b.     Analysis

As a general matter, "[p]ersons who have been involuntarily committed are entitled to more considerate treatment and conditions of confinement than criminals whose conditions of confinement are designed to punish." Youngberg v. Romeo, 457 U.S. 307, 321–22 (1982). In Youngberg, the Supreme Court considered the substantive due process rights of involuntarily committed mentally retarded persons and held that they have a right to "conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions, and such training as may be required by these conditions." 457 U.S. at 324. This standard has been extended to those committed because they have been found to be sexually violent. Allison v. Snyder, 332 F.3d 1076, 1081 (7th Cir.2003).

Thus, while Timms may not be subjected to conditions that amount to punishment, Bell v. Wolfish, 441 U.S. 520, 536 (1979), he nonetheless may be subjected to conditions within the bounds of professional discretion that place restrictions on his personal freedoms. Youngberg, 457 U.S. at 321–22; see also Marten v. Henry, 2010 WL 2650547 *2 (W.D.Wash. June 2, 2010) (noting that "[a] person who is the subject of involuntary civil commitment is not entitled to exercise his constitutional rights in the same manner as other citizens.").

Furthermore, there is no question that proceedings under 18 U.S.C. § 4248 are civil, not criminal matters. See United States v. Timms, 664 F.3d 436, 456 (4th Cir. 2012); United States v. Broncheau, 645 F.3d 676, 683 (4th Cir. 2011). Likewise, there is no question that proceeding under 18 U.S.C. § 4248 has been found constitutional. Therefore, any general allegations that such custody is unconstitutional fails. United States v. Comstock, ___ U.S. ___, 130 S. Ct. 1949 (2010).

4

### i. Right to Marry

To begin, the court allowed Timms to amend his complaint to include a First Amendment claim that he has been denied the right to marry [D.E. 20]. This claim, however, has not been addressed by defendant, and thus is not properly before the court for resolution. Furthermore, the motion to supplement the pleadings [D.E. 32] is a supplement to this claim, and is likewise ALLOWED.

### ii. Commingling with Sentenced Inmates

Timms alleges that his Fifth Amendment rights were violated because he has been commingled with non § 4248 inmates. However, the practice of housing civil detainees with convicted inmates does not, by itself, violate a detainee's constitutional rights. See, e.g., Silvera v. Connecticut Dept. of Corr., 726 F. Supp. 2d 183, 195-96 (D. Conn. 2010) (finding that housing pretrial detainees with sentenced inmates, alone, does not violate the detainee's constitutional rights); Young v. Monahan, No. 07-C-1193, 2008 WL 182244, at *3 (N.D. Ill. Jan. 16, 2008) (dismissing for failure to state a claim challenge to "co-mingling" of detainees and persons committed as sexually violent persons); Burciaga v. County of Lenawee, 123 F. Supp. 2d 1076, 1078-79 (E.D. Mich. 2000) (holding "unless the state acts with the impermissible intent to punish a pre-trial detainee or is deliberately indifferent to a pre-trial detainee's safety, it does not violate the due process clause to house that pre-trial detainee with a sentenced inmate.")

Timms does not allege that he has been harmed or threatened, simply that he must interact with prisoners at Butner. Specifically, Timms argues that he "is forced to eat in the exact same mess hall as that of prisoners with the prisoners preparing, serving and remaining in close proximity . ."

5

Thus, Timms fails to state a claim for any constitutional violation as to commingling with sentenced inmates.

### iii. Wearing a Prison Uniform

Timms argues that he is "forced to wear prisoner uniforms and forced to abide by prisoner dress codes." To the extent Timms complains he is subject to certain general BOP policies, "placement [of a civil detainee] in a prison, subject to the institution's usual rules of conduct, [does not per se] signify punishment[.]" Allison, 332 F.3d at 1079; see Lucas v. Rivera, No. 2:08-3373-HFF-RSC, 2009 WL 902355, at *2 (D.S.C. Mar. 31, 2009) (collecting cases)). Thus, the court dismisses the claim regarding prison uniforms.

### iv. Restraints

Timms does not take issue with the use of restraints as argued by defendant. "Plaintiff is not challenging the restraints used in transporting him to and from the courts as he has no actual problem with that aspect, since U.S. Marshals are very cognizant of detainee's comfort. However the use of these types of restraints inside the prison since plaintiff has never been or shown any acts of violence toward anyone would render this argument as unsound as the rest of defendant's arguments." [D.E. 31, ¶ 2]. Therefore, no claim regarding the same is before the court.

### v. Remaining Claims

As for Timms' claims concerning disciplinary actions against him, restrictions on visitation, commissary, and placement into segregation, the monitoring of e-mail and telephone, censorship of his general and legal mail, limited recreational opportunity, and his subjection to housing searches, the motion to dismiss is denied. See, e.g., Sandin v. Conner, 515 U.S. 472 (1995); Thornburgh v. Abbott, 490 U.S. 401, 408 (1989); Turner v. Safley, 482 U.S. 78, 89 (1987); Wolff

6

v. McDonnell, 418 U.S. 539, 556–72 (1974); Miller v. Dobier, 634 F.3d 412, 415 (7th Cir. 2011); Rivera v. Rogers, 224 F. App'x 148, 151 (3rd Cir. 2007); Rowe v. Shake, 196 F.3d 778, 782 (7th Cir.1999); Brooks v. James, No. 2:10-2010-MJP-BHH, 2011 WL 1630903, at *6 (D.S.C. Apr. 7, 2011) (unpublished); Sumahit v. Parker, No. CIV S-03-2605 FCD KJM P, 2009 WL 2879903, at *10 (E.D. Cal. Sept. 3, 2009) (unpublished), report and recommendation adopted, 2009 WL 4507723 (E.D. Cal. Dec. 1, 2009) (unpublished); Beaulieu v. Ludeman, No. 07-CV-1535 (JMR/JSM), 2008 WL 2498241, at *20 (D. Minn. June 18, 2008) (unpublished); Davis v. Balson, 461 F. Supp. 842, 868 (N.D. Ohio 1978).

Defendant generally asserts qualified immunity as a defense to these claims. The court recognizes that the Supreme Court has emphasized that qualified immunity is immunity from suit, not merely a defense to liability, Saucier v. Katz, 533 U.S. 194, 200 (2001), and should be made "early in the proceedings so that the costs and expenses of trial are avoided." Id.; see also, Crawford-El v. Britton, 523 U.S. 574, 598 (1998) (holding discovery should not be allowed until the immunity issue is resolved). However, Timms is a civil detainee and has constitutionally protected rights in First Amendment interests and protections, Eighth Amendment interests and protections, as well as substantive due process rights albeit these interests may be protected with restrictions. Bell, 441 U.S. at 535 n.16(Confinement conditions of pretrial detainees are to be evaluated under the Due Process Clause of the Fifth Amendment, rather than under the Eighth Amendment); Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (the contours of the Due Process Clause are coextensive with the substantive constitutional principles applied by the Eighth Amendment to convicted inmates). Thus, the motion is denied without prejudice.

7

Case 5:10-ct-03210-BO   Document 36   Filed 09/24/12   Page 7 of 8

IV. Conclusion

Accordingly, the motion for emergency petition for writ of mandamus is DENIED [D.E. 18]; the motion to clarify the court's order of January 23, 2012 is ALLOWED in that this order clarifies the posture of these proceedings [D.E. 22][2]; the motion to appoint counsel is DENIED [D.E. 24]; the motion to supplement the pleadings is ALLOWED [D.E. 32]; the motion to compel is DENIED [D.E. 33] and defendant's partial motion to dismiss is ALLOWED in part and DENIED in part [D.E. 25].

SO ORDERED, this the 23 day of September 2012.

TERRENCE W. BOYLE
United States District Judge

---

[2] Timms does not need to file a new amended complaint, the amendment was allowed and may go forward in its current form. Further, Timms is a civil detainee and not subject to the PLRA's mandatory exhaustion requirements. See Hicks v. James, 255 Fed. App'x 744, 748 (4th Cir. 2007) (per curiam); Michau v. Charleston County, S.C., 434 F.3d 725, 727-28 (4th Cir. 2006).

8